Cranch, C. J.,
delivered the opinion of the Court. Sacket, Doolittle, Allison, and others, creditors of Harmon & Davis, attached the money of .the bankrupts, before their bankruptcy, in the hands of Jamesson. During the pendency of these attachments, Harmon & Davis became bankrupts, and a commission issued, upon which they have been discharged, and a dividend of 10 per cent, has been made.
The defendant, Jamesson, by his answer, admitted $867 of the effects of Harmon & Davis to be in his hands, ready to be paid as the Court should order. This money has been brought into court, and the question is, whether it shall be decreed to be paid over to the assignees of Harmon & Davis, to be distributed according to the bankrupt law, or whether this court will decree *289 to each of the attaching creditors, “ a ratable part of his debt, with the other creditors of the bankrupt,” who have proved their debts under the commission, and received their dividend of 10 per cent. This question depends upon the construction of the 31st section of the Bankrupt Law, [2 Stat. at Large, 301 which is in these words:
“ That in the distribution of the bankrupt’s effects, there shall be paid to every of the creditors, a portion-rate, according to the amount of their respective debts, so that every creditor having security for his debt by judgment, statute, recognizance, or specialty, or having an attachment under any of the laws of the individual States, or of the United.States, on the estate of such bankrupt, (provided there be no execution executed upon any of the real or personal estate of such bankrupt, before the time he or she became bankrupt,) shall not be relieved upon any such judgment, statute, recognizance, specialty, or attachment for more than a ratable part of his debt, with the other creditors of the bankrupt.”
By this section, then, a creditor “having an attachment,” “ shall not,” “ in the distribution of the bankrupt’s effects,” “ be relieved ” “ upon such attachment, for more than a ratable part of his debt, with the other creditors of the bankrupt.” But this, it is said, implies that he shall be relieved upon such attachment for a ratable part, and therefore this court cannot decree the whole to be paid over to the assignees. But he is only to be relieved for his ratable' part, in the distribution of the bankrupt’s effects. What then is a distribution of the bankrupt’s effects? By going back to the 29th section, we shall find an answer. It is a distribution among such of the bankrupt’s creditors as have duly proved their debts under the commission, and is to be made by the commissioners and assignees. By the 30th section, a second, or any subsequent dividend, is to be made “by like order of the commissioners,” “ amongst such of the bankrupt’s creditors as shall have made due proof of their debts.” The word distribution, has a technical meaning, prescribed by the statute. The Court understands the 31st section to mean, that in the distribution of the bankrupt’s effects by the assignees under the order of the commissioners, an attaching creditor, who has duly proved his debt under the commission, shall not be relieved upon the attachment for more than a ratable, part of his debt. ' If this negative proposition implies an affirmative, the affirmative proposition must be correspondent to the negative. This affirmative proposition can only be, that in the distribution of the effects by the assignees under the order of 'the commissioners, the attaching creditor, who has duly proved his debt under the commis *290 'sion, shall be relieved upon his attachment for a ratable part of his debt.
This construction seems to arise so obviously, upon an attentive reading of the. Act of Congress, that the Court cannot deem it necessary to go into a detail of the arguments which support it. It may, however, be observed, that, by the Act, the commissioners are constituted the sole tribunal competent to receive proof of debts against the bankrupt’s estate. They are also the only competent tribunal to make the order for a dividend, and to ascertain its amount. There can be no distribution, but by their order. A debt, proved before this Court, is not a debt duly proved under the commission ; and a distribution made by this Court, is not a distribution within the meaning of the Act.
The general object of the Bankrupt Law, was to distribute the effects of the bankrupt, equally among his creditors, and to prevent priorities and preferences. Hence it avoids all assignments and transfers of property made oh the eve, or in contemplation of bankruptcy. This wise provision of the law, might, however, be completely defeated, by permitting attaching creditors to gain a priority. Hence it provides, that no such creditor shall be relieved on such attachment, for .more than a ratable part of his debt, with the other creditors. Of what use, then, could it be to say, that the attachment should be a lien for such ratable part, when the creditor would be equally entitled to his ratable part without such a lien ? The law could not presume that the commissioners or the assignees (the very persons intrusted and commanded by the law to distribute the effects) would not do their duty, and faithfully execute the command of the law.
The opinion of the Court, therefore, is, that this Court cannot decree any part of the money to the attaching creditors, but that the whole must be paid over to the assignees, to be distributed according to law.